UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| CHRISTOPHER BEHRMANN : | |
|     Plaintiff : | |
| : | Civil Action No. |
| v. : | |
| : | |
| GOODWILL OF WESTERN AND : | |
| NORTHERN CONNECTICUT, INC. : | |
|     Defendant : | SEPTEMBER 9, 2021 |

## PETITION FOR REMOVAL

TO THE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF CONNECTICUT:

Defendant Goodwill of Western and Northern Connecticut, Inc. respectfully states:

1. This action was commenced against Defendant in the Superior Court for the Judicial District of Fairfield at Bridgeport, in the State of Connecticut, captioned <u>Christopher Behrmann v. Goodwill of Western and Northern Connecticut, Inc.</u>, Docket No. FBT-CV21-6109577-S ("State Action"), by service of process on Defendant's agent for service in Connecticut on August 17, 2021. Copies of all process, pleadings and orders served upon Defendant in the State Action are annexed hereto as Exhibit A.

2. This Petition for Removal is filed with this Court within thirty (30) days of Defendant having been served with and/or receiving the process in the State Action, as calculated under Rule 6 of the Federal Rules of Civil Procedure.

3. 28 U.S.C. § 1441 authorizes the removal of "any civil action brought in a State court of which the district courts of the United States have original jurisdiction."

4. This action is removed to this Court on the ground that original jurisdiction exists pursuant to 28 U.S.C. § 1331, federal question jurisdiction. Specifically, Plaintiff Christopher Behrmann alleges that Defendant retaliated against Plaintiff for exercising his rights under the First Amendment of the United States Constitution in violation of Conn. Gen. Stat. § 31-51q. Claims of this nature under Conn. Gen. Stat. § 31-51q raise a substantial federal question, thus providing this court with original jurisdiction over this matter. *See Bracey v. Bd. of Educ.*, 368 F.3d 108, 116 (2d Cir. 2004) (holding that claim under Conn. Gen. Stat. § 31-51q implicated a federal question); *Ting v. Univ. of Bridgeport*, 2011 U.S. Dist. LEXIS 61053, at *10-11 (D. Conn. 2011) (same).

5. Defendant Goodwill of Western and Northern Connecticut, Inc. is the sole named defendant in this case, and hereby consents to the removal of this action.

6. Defendant submits this Petition for Removal without waiving any defenses to the claims asserted by Plaintiff or conceding that Plaintiff has pled claims upon which relief can be granted.

7. Notice of this Petition will be filed promptly with the Superior Court for the Judicial District of Fairfield at Bridgeport, as required by 28 U.S.C. § 1446(d).

8. By copy of this document and in accordance with the Certificate of Service, Defendant is providing notice to all parties in this action advising of the filing of this Notice of Removal pursuant to 28 U.S.C. § 1446(d).

WHEREFORE, Defendant respectfully requests that the above action, now pending in the Superior Court, State of Connecticut, in the Judicial District of Fairfield at Bridgeport, be removed to this Court.

                DEFENDANT,
                GOODWILL OF WESTERN AND
                NORTHERN CONNECTICUT, INC.

By:   */s/ Justin E. Theriault*
       David R. Jimenez (ct 27357)
       Justin E. Theriault (ct 28568)
       Jackson Lewis P.C.
       90 State House Square, 8th Floor
       Hartford, CT  06103
       Tel: (860) 522-0404
       Fax: (860) 247-1330
       david.jimenez@jacksonlewis.com
       justin.theriault@jacksonlewis.com

**CERTIFICATION OF SERVICE**

I hereby certify that on September 9, 2021, a copy of the foregoing was filed electronically. A copy has been served via electronic and first-class mail, postage prepaid, to all parties of record as follows:

>Anthony Interlandi
>Monarch Law LLC
>36 Russ Street
>Hartford, CT 06106
>tony@monarchlawct.com

>/s/ *Justin E. Theriault*
>Justin E. Theriault